[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12145
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00306-TES

TOYIA VINSON,
TRISHA JAN BROWN,

Plaintiffs-Appellants,

versus

THOMAS TEDDERS,
in his individual and official capacity as the former
Tax Commissioner,
SAMUEL WADE MCCORD,
in his individual and official capacity as the Tax Commissioner
and former Assistant Tax Commissioner,
MACON-BIBB COUNTY,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 10, 2021)

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Trisha Brown argues that the district court applied an "overly rigorous" test when it determined that she failed to establish a prima facie case of discrimination based on race. We disagree. Brown did not show that her proffered comparator was "similarly situated in all material respects," so summary judgment for the defendants was warranted.

I.

Brown, an African American woman, started working for the Macon-Bibb County Tax Commissioner's Office in 2000 as a "Tax Office Clerk Trainee." During her tenure, Brown received a few promotions, eventually becoming an "Accountant Clerk III." In that role, she handled daily deposits, posted in the general ledger, reconciled cashier drawers, took customer calls, and refunded checks.

Thelma Bass, who is white, began work as a staff accountant for Macon-Bibb County in 2014. She was hired because of her relevant prior work experience. She possessed "extensive work experience in account reconciliation, posting, and billing," all of which were "similar to the job duties required" to be performed as a staff accountant.

Brown's duties related to property taxes; Bass's, to motor vehicle taxes. Though Brown admits their jobs were not identical, she says they both processed deposits, keyed general ledgers, and typed refund checks. She claims that until

2

September 2018, Bass performed the duties of an accountant clerk because she was not yet trained as a staff accountant. According to Brown, the two did the same job for years.

Despite that, they received unequal pay. When Bass began her employment, she made $39,811.20. Brown earned only $36,816.00 at the time. In 2015, the Macon-Bibb County Commission approved a new pay scale. Under the new scale, Bass earned $44,865.60, while Brown earned $36,857.60. One year later, Macon-Bibb County employees received a 1.5% cost-of-living adjustment. Then in 2018, Bass and Brown's salaries rose by 4%. So by July 2018, Bass made $47,361.60 and Brown made $38,916.80.

Brown attributes this pay differential to race. She and another plaintiff sued in federal court, asserting claims of race discrimination and retaliation.[1] They sued Macon-Bibb County, Tax Commissioner Samuel "Wade" McCord, and former Tax Commissioner Thomas Tedders.

The district court dismissed each of their claims. It found, among other things, that Brown could not point to a similarly-situated comparator outside of her protected class who received more favorable treatment than her. Because of that, Brown had failed to make out a prima facie case of discrimination based on race.

This appeal followed.

---

[1] Toyia Vinson's claims on appeal were resolved prior to briefing.

3

II.

We review a district court's grant of summary judgment de novo. *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1262 (11th Cir. 2003). Summary judgment is appropriate if, after construing the evidence in the light most favorable to the nonmovant, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

III.

Brown challenges the district court's dismissal of her Title VII and 42 U.S.C. §§ 1981 and 1983 race discrimination claims.[2] The same analysis applies to all three claims. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220 n.5 (11th Cir. 2019) (en banc); *see also Ezell v. Wynn*, 802 F.3d 1217, 1226 (11th Cir. 2015). In order to survive summary judgment, a plaintiff must present sufficient facts to permit a jury to rule in her favor. One way to do so is by satisfying the burden-shifting framework of *McDonnell Douglas Corp. v. Green. See* 411 U.S. 792 (1973).[3] To make out a prima facie case of unequal pay under *McDonnell Douglas*, the plaintiff must show that 1) she belongs to a protected class; 2) she

---

[2] Brown does not challenge the district court's dismissal of her retaliation claims. Because the only issue she raises on appeal is whether the district court erred in dismissing her race discrimination claims, we will consider only that question. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

[3] A plaintiff can also show a "convincing mosaic" of evidence that allows a district court to infer discrimination. *Lewis*, 918 F.3d at 1220 n.6. Brown does not advance this theory in her briefing; accordingly, we consider only the theory that she does advance.

received low wages; 3) similarly-situated comparators outside of her protected class received higher compensation; and 4) she was qualified to receive that higher wage. *See, e.g.*, *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). If she succeeds, then the burden shifts to the defendant to articulate a nondiscriminatory and legitimate reason for its actions. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Should the defendant carry that burden, the plaintiff must then demonstrate that the proffered reason was pretextual. *Id.*

Brown argues that the district court erred by finding that she and her proffered comparator were not "similarly situated in all material respects" as required under the *McDonnell Douglas* framework. *Lewis*, 918 F.3d at 1226. Differences in job rank are not dispositive, but a proffered comparator's prior work experience can strip an individual of the comparator label. *See Rioux v. City of Atlanta*, 520 F.3d 1269, 1281 (11th Cir. 2008); *see also Crawford v. Carroll*, 529 F.3d 961, 974–75 (11th Cir. 2008). A similarly-situated comparator will ordinarily share the plaintiff's employment history, such that they "cannot reasonably be distinguished." *Lewis*, 918 F.3d at 1228 (quoting *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1355 (2015)).

After reviewing the record, we agree with the district court that Brown and Bass were not similarly situated in all material respects. Most plainly, they began their careers at Macon-Bibb County with different levels of relevant work

5

experience.  *Crawford*, 529 F.3d at 974–75; *see also Lewis*, 918 F.3d at 1228.

Bass started with "extensive work experience in account reconciliation, posting,

and billing," all of which were "similar to the job duties required to be performed"

in her position.  She had about 20 years' experience in jobs closely related to the

job duties of a staff accountant, and that experience was identified and prized by

her interviewers.  Brown, on the other hand, worked for 15 or 16 years in banking

before starting with Macon-Bibb County.  She does not argue that this experience

was at all related to her duties as an accountant clerk.  Indeed, there is no evidence

that her roles in the banking field made her uniquely suited for the positions she

held with Macon-Bibb County.

Brown and Bass also had different day-to-day job duties in their roles for

Macon-Bibb County.  Besides the fact that Brown handled property tax

transactions and Bass handled motor vehicle tax transactions, Bass had more

responsibility.  Soon after she was hired, Bass began processing Title Ad Valorem

Tax adjustments, a task that is "somewhat involved" and "time consuming."  Her

performance appraisal from 2015 explained that she had "done a good job learning

about adjustment and TAVT refunds" and had "quickly learned posting ETRs."

Sometime before September 2016, she also began assisting with electronic title

registration receipts from vendors who process titles for car dealerships.  Brown,

on the other hand, never carried out Title Ad Valorem Tax adjustments, nor did she

assist with title registration receipts.  Though other of their job duties were similar, Bass had a few additional duties that Brown did not.

It also cannot be lost that Bass is a staff accountant, while Brown is an accountant clerk.  Although not dispositive, a difference in job title can reflect a difference in responsibilities.  *See Rioux*, 520 F.3d at 1281.  And the difference between Brown's title and Bass's further confirms that the two did not serve the same role within the organization.  Brown and Bass's job titles and job duties are just "too dissimilar to permit a valid inference that invidious discrimination is afoot."  *Lewis*, 918 F.3d at 1229.

Because Brown and Bass had different work experience, different job duties, and different job titles, they were not "similarly situated in all material respects." *Id.* at 1226.  A comparator must be so similar that she "cannot reasonably be distinguished" from the plaintiff.  *Id.* at 1228 (quoting *Young*, 135 S. Ct. at 1355). Brown and Bass are not.  For that reason, the district court did not err in granting summary judgment to McCord and Tedders on Brown's claims.

**AFFIRMED.**